IN THE CIRCUIT COURT OF
_____ COUNTY

_____
Petitioner

re:

STATE OF ALABAMA
      Plaintiff,

vs.                                        Case Number_____

_____
Defendant.

## PETITION/MOTION FOR SPEEDY TRIAL OR ORDER TO QUASH DETAINER DUE TO UNCONSTITUTIONAL DELAY

      Comes now, your petitioner _____, pro se in the above-styled cause to humbly and respectfully move this Honorable and Learned Court for a hearing at its earliest possible convenience, or to grant an ORDER to quash detainer due to unconstitutional delay, and as for good cause shown would submit:

      1. The outstanding charges or Detainers based on untried indictments produce uncertainties, which obstruct programs of prison treatment and rehabilitation. Accordingly, expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, information or complaints is respectfully urged.

      2. The constitution of the State of Alabama § 6 provides that no person shall be deprived of life, liberty, or property except by due process of law. The manifest purpose of this provision is to accord to every citizen security against arbitrary action of those in authority and to place him (or her) under the protection of the "law of the land," which is synonymous with the expression "due process of law." <u>Woodham v. State</u>, 28 Ala. App. 62, 178 So. 464 (Ala. App. 1938). Rights of persons in criminal prosecutions for due process of law and rights to speedy public trial are also in the Alabama Constitution, Article I, Section 6, and the United States Constitution Amendments 5, 6, 8 and 14.

      3. A demand for trial or objection to the postponement of a trial, or some other effort to secure a speedy trial on part of the accused, ordinarily must be affirmatively shown to entitle him (or her) to a discharge on the grounds of delay, (as established in a host of precedent): <u>Elltio v. State</u>, 283 Ala. 67, 214 So. 2d. 420 (1968); <u>Foster v. State</u>, 45 Ala. App. 323, 229 So. 2d 913 (1969); <u>Harmon v. State</u>, 48 Ala. App. 521, 266 So. 2d. 325 (1972); <u>Sellers v. State</u>, 48 Ala. App. 178, 263 So. 2d 156 (Ala. Crim. App. 1972).


Appendix C

    4. A prisoner in the penitentiary or in jail, who stands indicted on another charge cannot be said to have waived his (or her) right to a speedy trial by failure to demand trial unless he (or she) has a knowledge of the indictment and is called upon directly or indirectly to make an election and he (or she) voluntarily acquiesces in delay, and when he (or she) has no opportunity to acquiesce in the delay he (or she) should not be regarded as having waived his (or her) right: <u>Ex Parte State</u>, 255 Ala. 443, 52 So. 2d. 158 (1951); <u>Foster v. State</u>, 45 Ala. App. 323, 229 So. 2d. 913 (1969); <u>Mayberry v. State</u>, 48 Ala. App. 276, 264 So. 2nd 198 (1971), Certiorari denied 288 Ala. App. 746, 264 So. 2d. 207.

    5. The Sixth Amendment right to a speedy trial cannot be infringed upon ground that accused in one state is incarcerated in another:

        a. Speedy trial rights were not abridged while state wishing to try defendant was awaiting his (or her) release from incarceration in another state or in a federal correctional facility, <u>the first state has a constitutional duty to make a diligent good-faith effort to gain custody of the accused and bring him (or her) to trial.</u> <u>Sellers v. State</u>, 48 Ala. App. 118, 263 So. 2d. 156 (Ala. Crim. App. 1972) (emphasis added).

        b. Due to overcrowding in Alabama's only prison for women, your petitioner has been incarcerated in Basile, Louisiana, since the_____day of_____, 200__. and is making a good-faith effort to resolve this matter of disposition of detainer and to show good cause for the state to make a good faith effort to gain custody of the accused and bring her to a speedy trial and due process, or at the Court's discretion to quash the detainer due to unconstitutional delay.

    WHEREFORE, PREMISES CONSIDERED, your petitioner humbly and respectfully prays this honorable and learned court recognize the above and foregoing in granting an order for trial at earliest possible date to expeditiously dissolve said detainer or grant an order for dismissal, to quash detainer due to an unconstitutional delay; to wit, have instructions for the Clerk to notify the Alabama Department of Corrections, and the petitioner (at the address below) of the status of the detainer as early as possible/practicable.

    Respectfully submitted,

                                    _____
                                    Petitioner's Signature

                                    _____
                                    Printed Name of Petitioner

                                    AIS #_____ Unit #_____
                                    South Louisiana Correctional Center
                                    3843 Stagg Avenue
                                    Basile, LA  70515-5501

*(Certificate of service has been omitted from appendix for twenty June 2006)*