IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARTHA JANE JOHNSON (202230), | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| VS. | * | **2:06-cv-546-WKW** |
| | * | |
| FRANK ALBRIGHT, et al, | * | |
| | * | |
| Defendants | * | |

## ANSWER and SPECIAL REPORT

Comes now the Defendants, **Frank Albright, Cynthia Wheeler, Richard Allen and June Mason**, through the Attorney General for the State of Alabama, by and through its assistant attorney general, *Bettie J. Carmack*, and in accordance with this Honorable Court's Order of June 26, 2006, do hereby submit the following Special Report.

## PARTIES

A.  **Martha Jane Johnson** (Plaintiff) – an Alabama Department of Corrections (ADOC) inmate currently serving a life sentence for the murder of her husband, housed at Julia Tutwiler Prison for Women located at 8966 Hwy 231, Wetumpka, AL  36092-5843. (Exhibit A)

B.  **Frank Albright** (Defendant) – an ADOC employee, currently employed as a Warden III at Julia Tutwiler Prison for Women, located at 8966 U.S. Highway 231, Wetumpka, AL  36092-5843.

C.  **Richard Allen** (Defendant)- the current ADOC prison commissioner.

D.  **Cynthia Wheeler** (Defendant) – Correctional Officer Supervisor I, currently employed by the ADOC, and whose work location is Julia Tutwiler Prison for women, located at 8966 U.S. Highway 231, Wetumpka, AL 36092-5843.

E.  **June Mason** (Defendant) – Correctional Officer I, currently employed by the ADOC, and whose work location is Julia Tutwiler Prison for women, located at 8966 U.S. Highway 231, Wetumpka, AL 36092-5843.

## DEFENDANTS'1 EXHIBITS

In accordance with this Court's Order, the Defendants submit the following exhibits:

1. Exhibit A – Plaintiff's Criminal Disposition Record (CC-1998-000220.00)
2. Exhibit B – Affidavit of Frank Albright
3. Exhibit C – Enemies List
4. Exhibit D- Statement of Facts
5. Exhibit E - Affidavit of June Mason
6. Exhibit F- Approved Incentive Box Checklist
7. Exhibit G- Affidavit of Cynthia Wheeler
8. Exhibit H- Copying receipt

## PLAINTIFF'S ALLEGATIONS

The Plaintiff's allegations are disorganized and convoluted. The Defendants have interpreted Martha Jane's complaint as one seeking declaratory and injunctive belief because of the following:

| | |
|---|---|
| Page 1 (Plaintiff's complaint): | She could not file a *writ of certiorari* because she was placed in protective custody. (She wants to be placed back into general population) |
| Page 2 (Plaintiff's complaint): | She was not given paper. |
| Page 2 (Plaintiff's complaint): | Her access to books has been limited.<br>• She was given the wrong books<br>• She was denied access to all books |
| Page 2 (Plaintiff's complaint): | She was not allowed access to a notary. |
| Page 3 (Plaintiff's complaint): | Her access to her attorney has been denied. |
| Page 3 (Plaintiff's complaint): | She was denied access to paper, pens, postage, carbons or copies on 1-11-2006, 5-11-2006, 5-19-2006, 5-22-2006, 6-6-2006, and 6-5-2006. |
| Page 3 (Plaintiff's complaint): | She has been denied access to the library—2 hours is not enough time in the library. |
| Page 4 (Plaintiff's complaint): | The legal assistants are not adequately trained. |
| Page 6 (Plaintiff's complaint): | She is being denied access to various materials out of retaliation for the lawsuit she has previously filed. |
| Page 7 (Plaintiff's complaint): | The warden is holding her "incentive box" that was mailed to her on 5-25-2006. |
| Page 7 (Plaintiff's complaint): | She wants a $133.00 copying charge stricken from her account. |
| Page 8 (Plaintiff's complaint): | June Mason destroyed her legal documents as a form of retaliation for her exercising her first amendment right to file previous lawsuits |

## **ANSWER**

In answer to Plaintiff's allegations, Defendants state as follows:

1. Defendants deny Plaintiff's allegations and demand strict proof thereof.

2. Defendants deny that any of the Plaintiff's constitutional rights have been violated.

3. Defendants assert the affirmative defenses of sovereign, qualified and absolute immunity.

4. Defendants deny each and every material allegation not expressly admitted herein and demand strict proof thereof.

## ARGUMENTS IN SUPPORT OF DISMISSING THE PLAINTIFF'S COMPLAINT

Although it would seem that the Plaintiff has raised a number of different allegations, the majority of the Plaintiff's allegations relate to her ability to file documents within the court system. More specifically, the following allegations are "access to the courts" claim raised by the Plaintiff:

| | |
|---|---|
| Claim 1--Page 1 (Plaintiff's complaint): | She could not file a *writ of certiorari* because she was placed in protective custody. (She wants to be placed back into general population) |
| Claim 2 -- Page 2 (Plaintiff's complaint): | She was not given paper. |
| Claim 3 -- Page 2 (Plaintiff's complaint): | Her access to books has been limited.<br>▪ She was given the wrong books<br>▪ She was denied access to all books |
| Claim 4-- Page 2 (Plaintiff's complaint): | She was not allowed access to a notary. |
| Claim 5-- Page 3 (Plaintiff's complaint): | Her access to her attorney has been denied. |
| Claim 6 -- Page 3 (Plaintiff's complaint): | She was denied access to paper, pens, postage, carbons or copies on 1-11-2006, 5-11-2006, 5-19-2006, 5-22-2006, 6-6-2006, and 6-5-2006. |
| Claim 7-- Page 3 (Plaintiff's complaint): | She has been denied access to the library- 2 hours is not enough time in the library. |
| Claim 8 -- Page 4 (Plaintiff's complaint): | The legal assistants are not adequately trained. |
| Claim 9 -- Page 6 (Plaintiff's complaint): | She is being denied access to various materials out of retaliation for the lawsuit she has previously filed. |

    Claim 10 -- Page 8 (Plaintiff's complaint):    She wants a $133.00 copying charge stricken from her account.

    Claim 11 -- Page 8 (Plaintiff's complaint):    June Mason destroyed her legal documents as a form of retaliation for her exercising her first amendment right to file previous lawsuits.

*"Access to the court"*

The United States Supreme Court has stated that prison authorities are required to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." McConico, Jr. v. Martin, 716 So. 2d 222, 223 (Ala. Civ. App. 1998) *quoting* Bounds v. Smith, 430 U.S. 817, 828 (1977). To have "standing to seek relief under this constitutional right to access to the courts, a plaintiff must show 'actual injury.'" *See id. citing* Jackson v. State Bd. Of Pardons and Paroles, 331 F. 3d 790, 797 (11th Cir. 2003). To show 'actual injury', "a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case, that [was non-frivolous], that result[ed] from [the] actions of prison officials.'" Miller v. Donald, No. 04-13695, 2005 WL 1182618, at *2 (11th Cir. May 19, 2005) *quoting* Wilson v. Blankenship, 163 F. 3d 1284, 1290 (11th Cir. 1998). In this case, the Plaintiff has not shown she was denied access to the courts or that she suffered an "actual injury" as a result of allegedly being denied access to the courts.

    I.    <u>The Plaintiff allegedly could not file a writ of certiorari because she was placed in protective custody and allegedly not given access to various books, paper, or pens</u>. (Claims 1, 2, 3, 6, 7, and 9)

The Plaintiff alleges that being in protective custody prevented her from filing a writ of certiorari. The Plaintiff also claims that she was not given access to various books, paper, and pens. The Plaintiff's claims are without merit.

According to Warden Albright, the Plaintiff "was afforded the same opportunities to the legal library, legal mail, attorney visits, and . . . access to the courts as any other inmate at Tutwiler Prison for Women. . ." (Exhibit B – affidavit of Warden Albright) More specifically, a prisoner at Tutwiler Prison, in protective custody, can request legal books from the law library, request 4 sheets of paper and 2 envelopes each week to mail 2 FREE legal letters each week. *See id*. Because the Plaintiff has not shown how being in protective custody prevented her from filing a writ of certiorari, her claim is without merit and due to be dismissed. *See* <u>Arthur v. Allen</u>, 452 F. 3d 1234, 1251 (11th Cir. 2006)(Legal materials were available to a death row inmate upon request and, as a result, the plaintiff failed to show that he was not provided access to the prison law library).

Furthermore, the Plaintiff was placed in protective custody after she threatened another inmate. (Exhibit C – Enemies List; Exhibit D – Statement of Facts from Ms. Vaughans's Office) The Plaintiff cannot request to be placed into protective custody and then claim that protective custody caused her difficulty in filing legal documents.

Moreover, the Plaintiff was removed from protective custody on June 27, 2006, when her "enemy" was paroled. (Exhibit B – affidavit of Warden Albright)

    II.    <u>The Plaintiff allegedly was denied a notary</u>. (Claim 4)

The Plaintiff alleges that she was denied a notary. This claim is without merit. According to Warden Albright, the Plaintiff has not been denied a notary. (Exhibit B – affidavit of Warden Albright) More specifically, a "Notary is available to all inmates and special accommodations are made to ensure that inmates housed in single cell units and restricted areas are afforded the opportunity for notary services." *Id*.

    III.    <u>The Plaintiff allegedly was denied access to her attorney</u>. (Claim 5)

The Plaintiff alleges that she was denied access to her attorney. "A prisoner's right of access to the courts includes contact visitation with his counsel." <u>Barnett v. Centoni</u>, 31 F. 3d 813, 816 (9th Cir. 1994). In this case, however, the Plaintiff was not denied access to her attorney. According to Warden Albright, the Plaintiff's attorney never requested a visit with the Plaintiff. (Exhibit B- affidavit of Warden Albright) In addition, there was no record of the Plaintiff's attorney being denied a visit with her. *See id*.

    IV.    <u>The legal assistants are not adequately trained</u>. (Claim 8)

This claim is without merit. The United States Supreme Court has stated that prison authorities are required to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries **or** adequate assistance from persons trained in the law." <u>McConico, Jr. v. Martin</u>, 716 So. 2d 222, 223 (Ala. Civ. App. 1998)(emphasis added) *quoting* <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977). The United States Supreme Court does not require that the individuals working

in the prison law library be trained in the law if the prison provides an "adequate law library." Tutwiler has an adequate law library and that is all that is required. (Exhibit B – affidavit of Warden Albright)

      V.    <u>The Plaintiff was allegedly wrongfully charged for photocopying</u>. (Claim 10)

This claim is without merit. Although the Warden agreed that the Plaintiff was charged $133.00 for 266 copies, this is an appropriate charge and does not deny an inmate access to the courts. (Exhibit B – affidavit of Warden Albright; Exhibit G – affidavit of Cynthia Wheeler) The right to access to the courts "does not encompass a requirement that prison officials provide a prisoner with free, unlimited access to photocopies." <u>Logue v. Chatham County Detention Center</u>, No. 05-10983, 2005 WL 2446083, at *784 (11th Cir. Oct. 4, 2005); *see also* <u>Miller v. Donald</u>, 2005 WL 1182618, at *272 ("Moreover, Miller failed to explain . . . why this injury necessarily resulted from the refusal of the prison officials to provide him with free photocopies. . . Accordingly, we conclude [that] Miller's claim of denial of access to the courts was 'without arguable merit either in fact or law,' and the district courts *sua sponte* dismissal of his § 1983 complaint for being frivolous was not erroneous.") Furthermore, the Plaintiff agreed that her account could be charged the $133.00 copying charge.

      VI.    <u>The Plaintiff's legal materials were allegedly confiscated</u>. (Claim 11)

The Plaintiff alleges that June Mason confiscated her legal papers on May 26, 2006. This claim is without merit. June Mason stated that she gave the Plaintiff "a large 30-gallon trash bag" to place her papers, but she never confiscated the papers. June

9

Mason stated that she confiscated EMPTY CEREAL BAGS and the Plaintiff kept asking her: "why." (Exhibit E – affidavit of June Mason)

*Withholding an "Incentive Box"* (Miscellaneous claim)

The Plaintiff contends that an incentive box is being withheld from her. The Defendants are not sure what legal claim is being raised by the Plaintiff. Regardless, the Plaintiff's claim is without merit. According to Warden Albright, he is not aware of an incentive box being withheld from the Plaintiff. (Exhibit B – affidavit of Warden Albright) Martha Johnson did reject an incentive box, however, while she was in segregation (May 18, 2006 to June 27, 2006). (Exhibit F – Approved Incentive Box List)

**JOHNSON'S COMPLAINT IS DUE TO BE DISMISSED BECAUSE THE DEFENDANTS ARE IMMUNE FROM LIABILITY.**

The Plaintiff's claims should be dismissed because the Defendants are immune from liability. As the United States Supreme Court has stated:

> There can be no doubt … that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit. Edelman v. Jordan, 415 U.S. 651 (1974); Ford Motor Co. v. Department of Treasury, 323 U.S. 459 (1945); Worcester County Trust Co. v. Riley, 302 U.S. 292 (1937). Respondents do not contend that Alabama has consented to this suit, and it appears that no consent could be given under Art. I, § 14, of the Alabama Constitution, which provides that 'the State of Alabama shall never be made a defendant in any court of law or equity.'

Alabama v. Pugh, 438 U.S. 781, 782 (1978).

The Defendants are state employees, and a suit against them is a suit against the State. In addition, there has been no consent or waiver of immunity in this case. Thus, the Defendants are absolutely immune from liability.

Qualified immunity "protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998). Because the alleged acts of the Defendants consist of discretionary functions, and because the actions do not violate any clearly established constitutional or statutory rights, the Defendants are protected by qualified immunity. Wilson v. Blankenship, 163 F. 3d at 1284 (holding that the marshal, wardens, and corrections officer were protected by qualified immunity); *see also* Pinkney v. Davis, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity).

Johnson has made no direct claim against Richard Allen. Johnson appears to have named Allen as a defendant because he was the prison commissioner. There is, however, no respondeat superior liability in § 1983 cases. See <u>Dean v. Barber</u>, 951 F.2d 1210 (11th Cir. 1992). Therefore, Allen is due to be dismissed from the lawsuit.

       Respectfully Submitted,

       Troy King (KIN047)
       Attorney General


       <u>/s/ *Bettie J. Carmack*</u>
       Bettie J. Carmack (CAR-132)
       *Assistant Attorney General*
       *Civil Division*
       11 South Union Street
       Montgomery, AL  36130
       Phone: 334-353-5305
       Fax: 334-242-2433
       Email: bcarmack@ago.state.al.us

**CERTIFICATE OF SERVICE**

I hereby certify that I have, this the 18th day of August, 2006, served a copy of the foregoing upon the Plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

**Martha Jane Johnson
AIS #: 202230
Julia Tutwiler Prison – Seg 8
8966 US Hwy 231
Wetumpka, AL  36092-5843**

/s/ *Bettie J. Carmack*
Bettie J. Carmack (CAR-132)
*Assistant Attorney General*
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
Telephone: (334) 353-5305
Facsimile: (334) 242-2433