IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Martha Jane Johnson, # 202230

       Plaintiff,            CIVIL ACTION No. 2:06-CV-546-WKW

v.

Albright, et al.

       Defendants.

## AFFIDAVIT

Before me, this undersigned Notary Public, did personally appear Frank Albright, who being duly sworn deposes and makes the following statement.

My name is Frank Albright. I am an individual over the age of nineteen years and I am employed by the State of Alabama, Department of Corrections, at Julia Tutwiler Prison for Women, 8966 U.S. Highway 231, Wetumpka, Alabama. I am currently employed in the capacity of Warden III and prior to my promotion I was a Deputy Warden II. I am named a defendant in this case.

I have read the complaint in the above referenced case and make the following statement in defense thereof; in answer to Inmate Martha Johnson's allegation of being placed in segregation without just cause; Inmate Johnson was placed in protective custody due to open threat made by Inmate Johnson towards Inmate Annie Morse W/F 244675. Inmate Johnson made threatening comments toward Inmate Morse. Inmate Morse heard Inmate Johnson threaten her saying that Inmate Johnson would kill Inmate Morse because of some involvement Inmate Morse had in Inmate Johnson being



Case 2:06-cv-00546-WKW-CSC     Document 16-3     Filed 08/18/2006     Page 2 of 8

sentenced to the felony charge Inmate Johnson is currently serving for at Tutwiler Prison for Women. Therefore an enemy validation committee was formulated and the committee felt it would be better for all concerned if both inmates were separated. Due to Tutwiler Prison for Women being the only major institution for women in the state of Alabama and transferring Inmate Johnson to the South Louisiana Correctional Center was not possible due to medical holds, the committee decided to house one of the inmates in either segregation (single cell unit) or in the restriction dormitory, where access to population inmate are minimal. Due to Inmate Johnson being so aggressive and making the initial threats, it was decided that Inmate Johnson would be placed in the restriction dormitory on May 18, 2006. It was further determined that Inmate Morse and Johnson would swap from dorm#5 (restriction dorm) and Dorm #9 every 4 months. Inmate Johnson was later placed in segregation (single cell unit) May 24, 2006 under Protective Custody. Punishment was not the motive of this decision. The safety of both Inmates Johnson and Morse was the chief concern. I would not knowingly violate any inmate's rights; I was merely trying to protect Inmate Johnson from Inmate Morse possibly retaliating to Inmate Johnson's threats or inmate Johnson trying to carryout her statement. Inmate Morse was paroled to Life Tech on June 19, 2006 and Inmate Johnson was released from protective custody June 27, 2006. The delay in moving Inmate Johnson was due to lack of bed space in general population.

Concerning the allegations of denial of access to the courts and attorneys while housed in segregation, Inmate Martha Johnson was afforded the same opportunities to the legal library, legal mail, attorney visits, and had access to the courts as any other inmate at Tutwiler Prison for Women as outlined by the Alabama Department of Corrections

Administrative Rules and Regulations and the Constitution of the United States. Inmate Martha Johnson was given the opportunity to request and receive legal books from the legal library Monday through Friday 8:00 am - 5:00pm during the entire time she was housed in protective custody. Protective custody inmates are issued 4 sheets of paper and 2 envelopes every week and 1 pencil each month. According to records that I have reviewed I have not seen a request where she (Inmate Johnson) has requested the listed items to my office. Therefore, there is no information provided to me to substantiate her claim that these items were denied her for the processing of her legal requirements. A requested legal book is brought to the segregation unit to be kept for a minimum of 4 hours. All inmates at Tutwiler are also permitted to send out 2 free legal letters per week, the Alabama Department of Corrections pays for the postage. In reference to notary services Inmate Johnson has not been denied according to the notary that I spoke with. Inmate Johnson has never requested of me to notarize any documents therefore, I do not have any personal knowledge of her being denied notary services. A notary is available to all inmates and special accommodations are made to ensure that inmates housed in single cell units and restricted areas are afforded the opportunity for notary services. Each inmate who requests legal time in the law library is allotted 2 hours in order to allow everyone who requests time in the library time to work on their legal work. If additional time is needed a new request is submitted, but each legal session in the law library is in 2-hour increments only. Tutwiler does not train inmates as paralegal before we place them in the law library. We do ensure that they can operate a computer but most of our cases are in the computer located in the law library. The inmates are there to transport the requested books/forms to the segregation area or restricted dorm for inmates

that can not readily obtain them. Inmate Johnson has requested those legal assistants be trained but our department does not require this. Inmates who wish to make copies are allowed to do so at a cost of fifty cents per copy. On January 18, 2006 Inmate Johnson had 266 copies of legal documents copied at a cost of $133.00. (see attached form approving money be deducted from Inmate Johnson's account)

According to our appointment book of requested attorney visits inmate Johnson attorney of record did not request a visit nor was he/she denied a visit. There was one appointment in April of 2006, but there was no entry of any denials therefore, I have no direct knowledge of anyone in my office or another office denying an attorney visit.

As to the allegations of holding Inmate Johnson's incentive box, I have no such box nor has a box been sent in to Inmate Johnson. If a problem existed concerning an incentive box that was allegedly mailed to Inmate Johnson. Inmate Johnson did not make me aware of it.

All actions taken in treatment of inmates housed in segregation were done so in accordance with the Departmental Administrative Regulations and Institutional Standard Operating Procedures.

_____ Affiant

Sworn to and subscribed before me this 15th day of August 2006.

_____ Notary Public

My commission expires 04/27/2010.

