IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARTHA JANE JOHNSON, #202230, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:06-CV-546-WKW |
| | ) |
| FRANK ALBRIGHT, et al., | ) |
| | ) |
|     Defendants. | ) |

**O R D E R**

The Magistrate Judge has reviewed the written report and supporting evidentiary materials filed by the defendants and determined that the plaintiff should file a response in opposition to such pleadings. Accordingly, it is

ORDERED that on or before September 5, 2006 the plaintiff shall file a response to the written report filed by the defendants. **If the plaintiff fails to file a response as required by this order, the court will treat the plaintiff's failure to respond as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action. Moreover, the plaintiff is specifically cautioned that if she fails to file a response in compliance with the directives of this order the undersigned will recommend that this case be dismissed for such failure. In addition, if the plaintiff fails to respond to the written report with respect to each of the claims raised in her complaint, the court will treat this failure as an abandonment of these claims and shall proceed as justice requires.**

As indicated herein, at some time in the future the court may treat the defendants' report and the plaintiff's response as a dispositive motion and response.[1]  Thus, in filing a response to the defendants' report the plaintiff should not rely only on his or her unsworn pleadings but should respond by filing sworn affidavits,[2] or other evidentiary materials developed through discovery or other appropriate means and which set forth specific facts demonstrating there is a genuine issue of material fact for trial in this case.  Failure to file sworn affidavits or other evidentiary materials may result in this court accepting the defendants' evidence as the truth.[3]  If documents are referred to in the opposing affidavits and have not been previously filed with the court, sworn or certified copies of those papers must be attached to the affidavits or served with them.

The parties are hereby notified that, <u>unless within fifteen (15) days from the date of this order a party files a response in opposition which presents sufficient legal cause why such action should not be undertaken</u>, upon the expiration of the time for the plaintiff to file

---

[1] Thus, in preparing a response to the special report filed by the defendants the plaintiff should refer to the requirements of Rule 56, <u>Federal Rules of Civil Procedure</u>.

[2] An affidavit is a sworn statement in writing made under oath or on affirmation before a notary public or other authorized officer.  The affidavit must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.

[3] If the plaintiff is unable to present, by affidavit, facts essential to justify her opposition to the defendants' report, then plaintiff must file a sworn statement as to why he or she is unable to do so.

a response as allowed by this order, the court may at any time thereafter and <u>without further notice to the parties</u> (1) treat the special report and any supporting evidentiary materials as a motion for summary judgment and (2) after considering any response as allowed by this order, rule on the motion for summary judgment in accordance with the law.

Failure to follow the requirements of this order about the proper way to respond to the defendants' report may result in a recommendation of the Magistrate Judge that final judgment be entered in favor of the defendants without there being an evidentiary hearing.

Done this 18th day of August, 2006.

                                  /s/Charles S. Coody
                              CHARLES S. COODY
                              CHIEF UNITED STATES MAGISTRATE JUDGE