IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 SEP -8  A 10: 45

MARTHA JANE JOHNSON #202230,
        Plaintiff,

VS                                      CIVIL ACTION No. 2:06-CV-546-WKW

ALBRIGHT, et al,
        Defendants.

SWORN STATEMENT
AFFIDAVIT

Before me, the undersigned Notary Public, did personally appear Martha Jane Johnson, who being duly sworn deposes and makes the following statement.

My name is Martha Jane Johnson. I am an individual over the age of nineteen years and incarcerated at the Julia Tutwiler Prison Annex. I am the Plaintiff in this case. In compliance with this Court's ORDER of August 18, 2006, footnote 3; to declare why some affidavits can not be acquired without a Court order.

By transferring this Plaintiff to the annex, July 21, 2006, the Defendants and/or designated agents have achieved isolation of this Plaintiff from certain witnesses such as Officers and inmates in the main building of Tutwiler Prison.

Retaliation is ongoing — as is deliberate disregard for United States Supreme Court rules — by the Defendants. On Friday, August 25, 2006, this plaintiff was transported to healthcare unit in the main camp. While passing by Warden Albright's request box, Plaintiff placed a request. To accomodate opposing affidavits as documentary evidence sworn statements are needed from certain witnesses. Such witnesses were listed in the request — asking arrangements to be made by Wednesday August 30, 2006 - Instead, Warden Albright almost immediately had this plaintiff over a barrel. He charged into the law library, at approximately 2:50pm that same day, accusing Plaintiff of "talking to your client" instead of working on her legal research — firmly emphasizing that he had granted only an hour and a half for research — not talking to clients. Plaintiff had never seen the referred inmate before that time. The inmate legal clerk had turned her to the plaintiff with a question.

Warden Albright would not let the Plaintiff get a word in edgewise. Then he turned his bellowing intimidating tactics on the inmate legal clerk.

On Friday September 1, 2006, Warden Albright <u>further</u> intimidated this plaintiff by sending for Plaintiff to be transported to his office. He then raised a hear-say question of accusing this plaintiff of stealing paper — when in fact said paper was given to the plaintiff. Again — having time to jump to conclusions, but <u>not</u> allowing communication. Warden Albright demanded that Plaintiff would pay 50¢ per page for even plain paper, while firmly stating that this plaintiff would not be allowed to use <u>his</u> paper to <u>sue him</u> with. The paper is furnished by the state. This demand is in defiance of the provisions of the United States Supreme Court rules quoted in this civil action and at the onset of issues — to Warden Albright's secretary. Such paper is essential to prepare these affidavits and other documents, as are pens and postage.

Unless this Court grants an order for such provisions and for arrangements of notarizing statements with three originals or original and two copies of certain officers and inmates; as well as providing assurance of no retaliation — opposing affidavits are obstructed by Warden Albright's tactics. At least three affidavits have been completed. However, four officers and six inmates are needed so far, to corroborate opposition to the Defendants' affidavits. It is pleaded that a hearing and/or affidavits are substantial and such provisions are needed.

The above two examples of retaliation show an ongoing vendetta. Inmates Perrion Roberts and Debra Cleckler were both allowed to print out all their briefs and documents on the legal library computer — with sufficient number of copies to sue the Prison Health Care. In Louisiana, Warden Albright demanded those prison authorities remove a memo from their legal library wall forbidding use of materials and equipment in that library for <u>civil</u> purposes — insisting such memo was obstruction of access to court. The same standard should apply here.

*Martha Jane Johnson*
MARTHA JANE JOHNSON

Subscribed and sworn to before
me this ___ day of ___ 20__
My commission expires _____

Subscribed and sworn to before
me this ___ day of ___ 20__
My commission expires _____

2

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 SEP -8  A 10: 05

UNSWORN DECLARATION UNDER PENALTY OF PERJURY FOR

CIVIL ACTION NUMBER 2:06-CV-546-WKW

My name is Martha Jane Johnson, AIS 202230

I am the Plaintiff in the above-styled cause.

I am an Alabama inmate currently housed at the Julia Tutwiler Prison Annex, Dorm 12, 8966 US Hwy 231, Wetumpka, AL 36092.

On September 6, 2006, I am placing the enclosed Sworn statement in the Prison mailing system.

Notary service was not available on Monday (9-4-06) or Tuesday (9-5-06), hence one day delay with this one document.

However, mail leaves the annex to the main building every day between 3:00 pm and 4:00 pm.

On Tuesday September 5, 2006, Plaintiff did not finish with supervised carbon writing of Response to ORDER OF August 18, 2006 until 4:20 pm. Although the Response was placed in the prison mailing system before 5 pm — it will not likely go out until Thursday September 7, 2006 at usual time — then may not leave business office until Friday morning (Sept 8, 2006). Hence, the mail box rule of service on date placed in prison mailing system is respectfully requested to be invoked on the Response and recognition of availability of notary on the sworn statement.

Pursuant to 28 U.S.C.A. § 1746 (2) I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 6, 2006.

Respectfully Submitted, Martha Jane Johnson

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNSWORN DECLARATION UNDER PENALTY OF PERJURY

FOR
CIVIL ACTION NUMBER 2:06-CV-546-WKW

My name is Martha Jane Johnson, AIS 202230
I am the Plaintiff in the above-styled cause.
I am an Alabama inmate currently housed at the Julia Tutwiler
Prison Annex, Dorm 12, 8966 US Hwy 231, Wetumpka, AL 36092.

On September 5, 2006, I am placing the Plaintiffs Response
and Supporting Documents in the prison mailing system with
first-class postage attached and properly serviced to Counsel
of record for the defendants.

Pursuant to 28 U.S.C.A. § 1746(2) I declare under
penalty of perjury that the foregoing is true and correct.
Executed on September 5, 2006.

Respectfully Submitted,

Martha Jane Johnson