IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARTHA JANE JOHNSON #202230
Plaintiff,

v.                                          CIVIL ACTION NO: 2:06-CV-546-WKW

FRANK ALBRIGHT, et al,
Defendants.

## MOTION TO GRANT LEAVE FOR ADDITIONAL PLEADINGS AND OPPOSING AFFIDAVITS AND FOR ORDER TO ARRANGE FOR NOTARIZED STATEMENTS AND MATERIALS AT STATE EXPENSE

COMES NOW, your plaintiff, MARTHA JANE JOHNSON, in the above-styled cause to pray for this Court to grant leave for additional pleadings and opposing affidavits and for order to arrange notarized statements and materials at state expense, and as for good cause shown would submit:

1. Warden Albright has refused to provide paper — the most basic material. The United States Supreme Court provided in Bounds v. Smith, 430 U.S. 817, 97 S.Ct 1491, 52 L.Ed2d 72 at 75 (1977):

"Indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notarial service to authenticate them and with stamps to mail them."

(Id headnote 6)(emphasis added)

The Supreme Court gives guidelines with consistent decisions requiring states to shoulder affirmative obligations to assure all prisoners meaningful access to courts not just a certain race or gender; "indisputable" concerned with seeking new trials, release from confinement, or vindication of fundamental civil rights. (Id Brown at 82)

In the cause at hand a ripple effect of Tutwiler authorities under the directives of Warden Albright have caused "actual injury" — that is, "actual prejudice with respect to contemplated or existing litigation such as the inability to meet a filing deadline or to present a claim" (Lewis v Casey 518 US 343, 348 (1996))

without any monitoring or checks on <u>arbitrary</u> conduct, inability to meet a filing deadline for writ of certiorari has resulted. The damage continues in <u>this</u> existing litigation, which was intended to serve the purpose of salvaging the contemplated final hope. Compensatory and punitive damages are unfolding with deliberate interferences at the hand of prison authorities. A court order to arrange paper, pens, postage and other materials and equipment equivalent to others in the system — for this obstructed litigant to have equal access to court without discrimination deprival, (Lewis v. Casey 116 S Ct 2174, 2189)(518 US 377) Comparable access to equipment and materials would include the <u>printer</u> and <u>paper</u> to utilize.

 This litigant's Prisoner's Money on Deposit is surely, obviously qualified for the state to furnish <u>paper</u>, <u>pens</u> and <u>postage</u> <u>sufficient not minimal</u>, in order to function in access to court

 Until better arrangements are made, only one copy can be afforded (as the original) to the Court. It is prayed for leave of Court for only the original. Carbon copies can be arranged but must be made more accessible to meet deadlines for service. Warden Albright suddenly has an excuse of carbon being escape contraband to dye clothes. Until September 1, 2006, carbon was monitored to use in law library. At a recent dorm representative meeting, Warden Albright had passed the word that carbon paper available at Captain's Office fifty cents per page. Timing of this lawsuit/civil action abruptly changed that.

2

This inmate needs safeguards against further retaliation and interference in her access to court. The arbitrary conduct is more and more frequent, vulnerable to constant challenges throughout the course of litigation.

According to Lewis 518 US 405 "Indeed, our cases make it clear that the states must take certain steps to protect some of the essential aspects of liberty that might not otherwise survive in the controlled prison environment." It would be better regulated if Commissioner Allen had a system of monitoring arbitrary conduct. Instead litigation is my only recourse.

The constitutional violations in Lewis v Casey were compared by the U.S. Supreme Court to Gluth v Kangas 773 F Supp 1309 (Ariz 1988), aff'd 951 F 2d 1504 (C.A. 9 1991) Both of those cases were about how the state had failed, throughout its prison system, to provide adequate access to legal materials, particularly for those in administrative segregation. (Id Lewis, 518 U.S. 406) The state and its officers may not abridge or impair petitioner's right to apply to a federal court for writ of habeas corpus (Lewis 518 US 409 citing Ex parte Hull 312 US at 549, 61 Sct, at 642) As in Hull, "here" any prisoner who claims to be impeded by such barriers has alleged "constitutionally sufficient injury in fact." (Lewis 518 U.S. at 409) Using Hull as an example, the Court suggests that even facially meritless petitions can provide a sufficient basis for standing" (Id 518 at 409).

The Supreme Court stated a fair evaluation of

3

the procedures followed in this case must begin with a reference to Gluth... In that case the District Court expressly found that the state officials had <u>demonstrated 'a callouse unwillingness to face the issues'</u> and <s>had pursued</s> 'diversionary tactics' that <u>forced [the court] to take extraordinary measures</u>" 773 F Supp, at 1312, 1314. (<u>Lewis</u> 518 US at 411 quoting Gluth) (emphasis added here) Without a court order there is ⓝⓞ remedy here either, involving deprivation of access to court.

One evasive tactic was isolating this litigant from witnesses to obstruct opposing affidavits. Some are referred to in this Plaintiff's response of the August 18, 2006 Order.

1. Captain Timothy Hewlett about lack of availability of notary during 37 days isolation (6 days Dorm 5, 31 segregation)

2. Lt. Nelson about the incident of May 18, 2006.

3. Sgt Nearer about the hearing on morning of May 18, and incident of evening of May 18, 2006.

4. Officer Corbin (2d shift segregation officer) and Officer Morgan (3d shift segregation officer) about condition of cell and other in segregation.

5. Officer Damon Tucker about incident on morning of May 18, 2006, in Dorm 9.

6. Inmates Sharon Duncan and Emily Cain about Annie Morse.

7. Inmate Michelle Glover about incident on evening of May 18, 2006 in Dorm 5.

8. Inmate Mina Corn about Officer Mason's <u>actual</u> comments on evening of May 26, 2006.

9. Inmates Christy Self and Peggie Adams about legal library.

10- Ms Thomas (Administrative Lt's secretary) about events of September 1, 2006.

After the above witnesses are made available for notarized statement with ample notice for preparation rather than spur of moment asking 24 hour notice if acceptable; then basis for additional pleadings evolve with the additional evidence of sworn statements.

Whereby your plaintiff requests this Honorable and Learned Court grant the above needs to better achieve a proper adversarial balance.

Respectfully Submitted

*Martha Jane Johnson*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been caused to be served on counsel of record for the defendants, properly addressed and first class postage attached on this 5th day of September 2006 to Hon. Betty J. Cormack, Assistant Attorney General, Civil Division, 11 South Union Street, Montgomery, AL 36130

*Martha Jane Johnson*
MARTHA JANE JOHNSON 202230
Julia Tutwiler Prison Annex Dorm 12
8966 US Hwy 231
Wetumpka, AL 36092-5343

5.