IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARTHA JANE JOHNSON, #202230
    Plaintiff,

VS.

FRANK ALBRIGHT, etal.,
    Respondents.

CIVIL ACTION NO. 2:06-CV-546-WKW

SUPPLEMENTAL RESPONSE TO DEFENDANTS' SPECIAL REPORT AND
REPLY TO ORDER ON MOTION TO FILE ADDITIONAL DOCUMENTS
DOCUMENTS IN RESPONSE TO DEFENDANTS' SPECIAL REPORT

COMES NOW, your plaintiff in the above styled cause in reply in reply to ORDER of September 18, 2006 (DOC 20) in that isolation from the requested witnesses' rebuttal statements obstructs the requested additional documents effectively leaving no recourse but to further utilize "Effect of Failure to Deny" without the clarity of intended rebuttal statements to clarify certain issues and claims. Since being transferred to the seperated quarters of the Annex (formerly Edwina Mitchell Work Release Center) the only available means for a Supplemental Response is referral/recap to points or factors in the Defendants' Answer and Special Report and Affidavits:

1. Federal Rules of Civil Procedure, Rule 8(d):

"Effect of Failure to Deny Averments in a pleading to which responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. . . ."

("Effect of Failure to Deny" in bold in text; other emphasis added here)

2. This Honorable and Learned Court Stipulated such "responsive pleading is required" as in pertinent parts

. . . . *All defenses including immunity defenses must be set forth in the written report or such defenses may be waived.* . . .
(Id. Doc #6-1; page 2, pertinent part of paragraph 2; emphasis in text of ORDER Filed 6/26/2006)

3. Concerning Commissioner Richard Allen, the answer and Special Report did not comply with "A written report be filed containing the sworn statement of all persons having knowledge of the subject matter of the Complaint." Nor was defenses including immunity defenses set forth specifically to the charges made by the plaintiff, other than, "Johnson has made no direct claim against Richard Allen. Johnson appears to have named Allen as a defendant because he was the Prison Commissioner." (Id p 12)

4. In Document 3, page 6 a direct claim has been made the disparity described there violates the Equal Protection Clause and subsequently Due Process Clause of the Fourteenth Amendment rippling effect to offending the First and Sixth Amendments, as described in Document 3 and in the Supporting Memorandum Brief of the plaintiff. Had equality been spared, the arbitrary tactics of the other defendants could have been avoided or at least remedied by other means than the expense and complications of civil action. The responsibility of this disparity is on the shoulders of Commissioner Allen, hence he is accountable and is not proven that he is immune as rules in <u>Johnson-El v. Schoemel</u>, 878 F 2d 1043, 1048, 1049 (8th Cir 1989) relies on <u>Harlow v Fitzgerald</u>, 457 US at 814, 102 S. ct at 2736, and <u>Mitchell v Forsyth</u> 47 US at 535 n 12, 105 S. ct. at 2820 n 12 established, "the qualified immunity will fail," by the relevant legal standards (Plaintiff's Memorandum p 2)

2

5. moreover, in the Supporting memorandum Brief of Plaintiff, pages 2, 3, 4, paragraphs 3-8 specifically includes both Warden and Commissioner — particularly but not limited to:

"4. Culpability is established in one of three ways: personal administrative Involvement, personal Knowledge **or** through the breach of legal duty that proximately causes the injury (Johnson-El) at 1049 on Individual Liability (also with a host of about Six different federal circuits and at least one by the United States Supreme Court on point cited therein). Even though the warden of this prison as well as commissioner of DOC 'could be liable for the decisions of the officers present' (Id Johnson-El at 1049) 'because a link could be established from their action ... duty to train and supervise.' (Id Johnson-El at 1050)(see similar comparison in City of Canton v. Harris, 469 US 378, 109 Sct 1197, 103 Led 2d 412 (1989)(on liability of a municipality)). The plaintiff in the case at hand projects such accountability and culpability exists in the cause at hand."

(Id P2, emphasis, ellipses & parenthesis therein; emphasis on **or** here)

6. Authorization to interview all witnesses was given to the Defendants (Id Doc # : 6-1, p2) hence no road blocks or isolation. The four issues enumerated on page 4 of Document # 16 have not complied with the Specifics of Document #6-1, hence it's asserted as "Effect of Failure to Deny" as in Rule 8(d)(FRCP) as Averments in a pleading to which responsive pleading is required are admitted when not denied in the responsive pleading; applicable to Commissioner Allen, as well as Warden Albright, Captain Wheeler and Officer J. Mason. Rather than repeating the above rules and claims in the remaining three defendants; issues and claims reliant on the same will be specified as follows:

3

7. It was anticipated by this plaintiff to have an opportunity to arrange rebuttal affidavit of officer Tucker to clarify the true circumstances of the Morning of May 18, 2006; and to corroborate the Affidavit provided for rebuttal with the Partial Answer (Plaintiff's Exhibit-A) by Inmate McIntyre, and Sgt. Nearer as well was anticipated to clarify the actual dominitator of the alleged validation. (1st 2nd page of Mr Albrights Affidavit (defendant's Exhibit B)) as no discussion of any open threats were mentioned at either event, and no threatening comments made as alleged by Mr Albright. Moreover, other than Mr Albright's unfounded allegations — there is no such in existence.

8. As proven by isolating this Plaintiff from the possibility of achieving rebuttal statements effectively with housing at the seperated annex — the statement alleging no other housing alternative for the plaintiff is false. Moreover, the Warden evades the fact that there was no medical hold on Annie Bell Morse to prevent her being transferred to South Louisiana Correctional center even earlier on before placing Inmate Morse in Dorm A with Inmate Johnson in spite of Inmate Morse's advanced request upon arrival to be placed not in Dorm with this prisoner (see Memorandum Brief (MB, 13) (also MB, 14)

9. Warden Albright did not deny that foregoing claim of his culpability in supervision and training of others, personal administrative involvement, personal Knowledge or the breach of legal duty on the other defendants.

4

10. Concerning denial of access to courts and attorneys 4 sheets of paper and two envelopes does not meet the requirements established by the United States Supreme Court. Existing, past and imminent roadblocks are obvious in such a minimal illusion, not beginning to be adequate for a meaningful access to court—instead a mockery.[*]

11. Such a mockery is abandoned in the Warden's Statement as, "Each inmate is alloted 2 hours in order to allow everyone who requests time in the library time to work on their legal work." The week of August 21 - 25, 2006, Warden Albright personally restricted 1½ (one and a half hour) increments on Wednesday, Thursday and Friday of that week to this plaintiff with only one other inmate scheduled for that week actually signed in all five days average three hours each day — hence misrepresentation of space availability. At the Annex reliant on a computer for broad access hard-drive — seldom occupied 8am to 3pm yet requests are frequently and recently not answered due to secretary having been detained in the main office not accessed to oblige requests in the Annex for legal research since September 7, 2006, too restrictive July 21

_____

[*]. 2 free legal letters (id Defendants' Ex A 3d page) are only 4 sheets of paper — 2 plain; and 2 with lines copied as attached (Ex A) and 2 envelopes — not adequate.

5

to Sept 7, 2006, in spite of lack of others scheduled.
Rather than prolonging this procedure with volleys,
irregardless of space or requests — the warden is
in blatant disregard to case law citing off (MB, 10
inadequate library access and facilities as in
Lewis v Casey 513 US 343, 116 SCt 2174 and others cited
in the Plaintiff's Memorondum Brief, particularly
Gluth v Kangas quoted also in Lewis v Casey by the United
States Supreme Court as a reliable authority (see MB8,9,10 and
"Plaintiff's Partial Answer to Order", p3 of Motion to Grant
Leave For Additional Pleadings...)

12. Notary Service has not been available on a
regular basis since April 2006 as referred to specific
circumstances in foregoing pleadings by this Plaintiff.

13. Warden Albright did not dispute the inadequacies
of the legal clerk (MB 9, 16, 17) as the blunders of
that inadequate legal clerk definitely was a factor in Seg,
since an adequate legal library was not available, the
rebuttal offered by defense counsel in the deterrence
(Doc16, p 6,7, and 8-9) fails — as does any referral to
such inadequacies not having an impact. Rather than
redundant repitition — all foregoing pleadings filed are
prayed to be incorporated throughout the pleadings here
(from Memorandum Brief, accompanying Motion to
Partial Response and accompanying Motion) in rebuttal,
including affidavits accompanying them.                    6

14. The disregard for copies as being coerced by the January 11, 2006 request for 20 sheets of paper being refused (MB 2-8) has a true impact here. The cause of need for copies coerced is therefore admitted when not denied (Rule 8(d) FRCP) as prejudicial cause for seven copies of 38 pages resulting dilemma of not adequate time to send out for copying and forwarding. Also as still not the last time paper was refused (Id p7) in defiance of the Supreme Court rule in Bounds V Smith, 430 US 817, 97 S.Ct 1491, 52 LEd 2d 72 (hn 6)(MB,8) and copies as provided in Gluth V. Kangas 951 F2d 1504 (hn 18)(9th Cir. 1991)(and text relating to hn 18 at 1510)

15. The incentive box has been thoroughly covered in Peggy Jones affidavit accompanying Plaintiff's Partial Answer referring to credibility of Warden Albright.

16. Although Warden Albright mentioned attorney calls while in Seg, (Defendants' Ex A, p2); he eluded from the most crucial (as end of Oct. 2005) requests for call to Federal Defender began:

   "Eventually the request was referred to Warden Albright without any success of follow-up on written request---face-to-face with Warden Albright beginning of February, 2006. On that Friday afternoon he approved, (the law library secretary to assist) The Federal Defender and his supervisor had left early for the day. The first two days of the next week the legal library supervisor evaded follow-up. Then on February 15, 2006, a return call was made through the Chaplain about the death of this prisoner's daughter. A complaint was written to the Warden's secretary. The next face-to-face opportunity to the warden(a face-to-face is when he goes into the library for other reasons and is approached) He firmly and arbitrarily refused any further calls to attorneys or anybody. This was in retaliation to the complaint on his chaplain to which he made no prior effort to communicate about. The chosen issues went to the wayside---the first opportunity to see the Federal Defender was on the eve of due date of filing---after letters were to no avail, a Motion to Dismiss sent on January 17, 2006, got a visit on January 19, 2006.

17. Warden Albright's failure to deny all of the above averments in a pleading to which a responsive pleading is required, are admitted when not denied.

7

18. Plaintiff also avers that she has shown personal injury in the actual obstruction of her attempt to file her Petition for writ of Certiorari and supporting Brief as actual injury by officer J. Mason's crumpling the brief when cramming Plaintiff's legal papers into garbage bags in contempt of court after Officer Lacey had spent hours screening said papers at time of entry to the Restriction Dorm on the same day (May 18, 2006) — moreso with being informed of the two court orders protecting destruction and providing access (see Civil action # 1:02-CV-01131-JMH-CSC docs 20 and 36). Even though her supervisor, Lt Nelson promptly corrected Officer J. Mason's error, it was repeated on Friday May 26, 2006, in similar fashion. (For emphasis of blatant disregard; past history of similar behavior was referred to show this beligerent pattern has a history — not as an included claim)(MB, p19) Given all the foregoing factors, Ms Mason should be held accountable as Knowingly violating the law.

19. An ORDER to arrange for Statements of Officer Morgan (3d Shift Seg Officer, 5 nights every week) and Officer Corbin (2d Shift Seg Officer 5 days every week) was anticipated to clarify that the Plaintiff commonly had legal notes spread out (on the small floor area of the small cell) — not so dramatically as Ms Mason implied — but usually the only space to be reviewing notes as a narrow spot by a lone bunk and commode/sink combination.

20. However, Officer J. Mason eludes to the May 26, 2006, incident to avoid the actual damage of May 18, 2006 as no observing witnesses to the May 26 incident in sight — only those hearing her demands. She has therefore "admitted when not denied in the responsive pleading" to her blatant contempt of court in destruction of the supporting memorandum Brief for Plaintiff's Petition For writ of certiori — which was the most devastating damage of all.

8

21 Captain Cynthia Wheeler (Defendant's Exhibit G) Affidavit only made a statement in defense that she did not play a role in the process of Inmate Johnson's being placed in protective custody. She stated, "In regard to having to pay for copies, all inmates pay fifty cents per page when getting copies made. Inmate Johnson was not treated any differently than any other inmate. This is in accordance with the institutional policy and procedure."

22. In Document Number 3, page 8, paragraph 22, "Cpt Wheeler is not being accountable for her position as "Seg Board" or "Seg Commander. Written requests are ignored and verbal requests are evaded (see Memorandum Brief pp 15-16, # 33-34 for factual basis) goes in the same fashion as <u>before</u> Seg, which may require an <u>injunction</u> <u>including guidelines</u> to have the proper authority show proper follow-up. ..." Although injunction was denied -- factors remain.

23. In Plaintiff's Memorandum Brief paragraph 14 (p 7):

"Hence 'issues or arguments' were thwarted by Cpt Wheeler and Warden Frank Albright's disrespect to the sixth Amendment right to <u>personally</u> make her defense for <u>this</u> accused, and has an imminent impact on communication with the District Attorney by the arbitrary retaliation of Warden Albright, which also intrudes on the due process interest in effective communication and access as noted in <u>Johnson-EL</u> supra, offending the Fourteenth Amendment.

24. Further damage was also "in "Effect of Failure to Deny averments in a pleading to which responsive pleading is required,'" are admitted when not denied in the responsive pleading"(Rule8(d) FRCP)(in addition to above enumerated as 21 and 22 and 23) as (MB, p8)

"That Monday, January 16, 2006, was a holiday so Tuesday (Jan. 17, 2006) this inmate approached the former supervisor about copies. <u>she</u> referred this inmate to Cpt Wheeler. In turn Cpt Wheeler referred back to supervisor. It was Wednesday, January 18, 2006, before able to relocate the former supervisor. Again she insisted for copies had to see Cpt Wheeler. At entry to Cpt Wheeler's office before even speaking, Cpt Wheeler picked up her phone. (to the former (legal library) supervisor) saying, Martha Johnson is in here saying there's some law about free copies.' Hanging up the phone, said, no such thing'.

9

"Then instructed to sign a voucher[2] and copies were made --- a day later than should have been, to be in Atlanta by Friday January 20, 2006. Rather than risk retaliation until *after* appeal completed decided to hold off on making an issue of paper refused coercing copies at that time.

25. Further in Memorandum Brief not denied by Cpt Wheeler{Paragraph 33, p15) :

"On Friday May 26, 2006, Cpt Wheeler came to segregation (seg) as part of Seg Board. This plaintiff read headnote 18 to her about indigent copies -- referring to January 18, 2006 discussion. Cpt Wheeler advised to put in a written request. Waiting for her, in her box for May 30, 2006, return from Memorial Day, was entrusted to be asking for notary on an endorsed Motion for Remedy due to a state created impediment and two copies of documents -- one for opposing party's counsel of record and one for Petitioner's record. No follow-up was done."

26. Moreover, (MB p16 #34) :

"On June 2, 2006, Cpt Wheeler came back through as 'Seg board'. Again, Plaintiff pleaded and stressed as urgent, and that written request had been placed. Cpt Wheeler's *excuse* was that her secretary is gone now. (She did not follow up when her secretary was here.) She assured that she would get a notary and get it done. (Cpt Mothey, Hewlett and Lt Lenita Haw that the are both notaries -- so the excuse of the missing secretary was notarized is not a *true* contributing factor to ignore access to court or assisting in a remedy for default by state created impediment). As the pattern of deliberate indifference continues -- still no follow up. On Friday June 9, 2006, Cpt Wheeler was said to be in Louisiana (her turn as 'Monitor' at the prison there) so a substitute came for 'Seg Board'. It is obvious Cpt Wheeler has no intention for follow-up. "Meaningful Access" is obstructed here. In Bounds supra, Mr Justice Stewart with whom Mr Chief Justice Berger joins, dissenting (Bounds 430 US 836):

" 'In view of the importance of the writ of habeas corpus in our constitutional scheme' it is *fundamental that access of prisoners to the court for the purpose of presenting their complaints may not be denied or obstructed* " Wolff v McDonnell, 418 US 539, 578, 41 LEd. 2d 935 74 SCt 2963, 21 Ohio Op 2d 36 quoting Johnson v Avery 393 US 483, 488, 21 LEd 2d 718, 89 SCt 747." "

28. Cpt Wheeler's failure to deny all the above averments in a pleading to which a responsive pleading is required are admitted when not denied.

# `CONCLUSION`

Based on the foregoing, substantial impact of failure to deny is furthered on Commissioner Allen incorporated from document #3 and Memorandum Brief in addition to the foregoing emphasis. Some factors apply to Warden Albright — even though his allegations of written requests were not bludgeoned here, they were in those documents. The most devastating impact of those two defendants along with the most devastating of Cpt Wheeler and Officer Mason were recapped here for consideration.

There is a substantial amount of emotional distress and mental anguish ongoing, damages can not yet be resolved.

When favored; it is also requested the Defendants pay court cost and fees.

It is prayed that the $133 coerced by defiance of neglect of paper unavoidable delay at best deleted — at least only a small percentage deducted each month from prisoners account.

The damaged scrabble dictionary to be replaced along with durable plastic equivalent to those "EMPTY CEREAL BAGS" be replaced and damaged documents as well by officer Mason

Each Defendant is prayed accountable in individual and professional capacity.

Respectfully Submitted,

*Martha Jane Johnson*
Martha Jane Johnson

11

## CERTIFICATE OF SERVICE

I hereby certify that I have on September 26, 2006, caused a copy of the foregoing to be served upon Counsel of Record for the Defendants by placing the same in the Prison Mailing system postage prepaid and properly addressed as follows:

Hon. Bettie J Carmack
Assistant Attorney General
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130

Martha Jane Johnson #20230
Julia Tutwiler Prison, Annex 12
8966 US Hwy 231
Wetumpka, AL 36092

12